IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

DEC 2 2 1997

Michael N. Milby, Clerk

| | | |
|---|---|---|
| MICHAEL C. WHITING, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-96-3419 |
| GARY JOHNSON, et al., | § § | |
| Defendants. | § § | |

## ORDER OF PARTIAL DISMISSAL

On December 12, 1997, this court conducted a pretrial hearing by videoconference. Plaintiff Whiting, a state prison inmate, appeared *pro se*; one defendant, prison director Johnson, had been served with process for the hearing and appeared through the office of the Attorney General of Texas. Whiting, a state prison inmate, complained that his constitutional rights had been violated under 42 U.S.C. § 1983.

Whiting claimed that he has suffered cruel and unusual punishment, violating his rights under the eighth amendment, because he has been exposed to carcinogenic substances. Whiting means by this that the prison serves food and beverages, and provides tooth power, that contain saccharine. He filed a grievance concerning this, resulting in warning signs being posed in most of the inmate dining areas on the Hughes Unit. Whiting also contended that the defendants have retaliated against him for filing this lawsuit by falsely charging him with disciplinary violations and by searching his cell.

For the reasons stated in the transcript of the *Spears* hearing, Whiting's eighth amendment claim regarding saccharine is dismissed because he did not show that the

defendants were deliberately indifferent to his concern; on the contrary, they heeded him and took action by posting warning signs. Likewise, there is no showing that the defendants were aware that the amount of saccharine used exposed Whiting to an increased risk of contracting cancer; he has not, in fact, contracted the disease. *See Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994).

Whiting's claim concerning retaliation will be retained on the court's docket for further proceedings. The basis for such a claim by a prison inmate must be that the defendants would not have acted as they did but for a retaliatory motive. *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 800 (1996). Whiting testified that most of the disciplinary charges were dropped, and that he has not been given a false charge in more than one year. That testimony could show a retaliatory motive by the defendants.

It is, therefore, ORDERED as follows:

1. Plaintiff Whiting's claim concerning the eighth amendment violation is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. Fed.R.Civ.P 12(b)(6)..

2. Plaintiff Whiting's claim concerning retaliation is RETAINED on the court's docket for further proceedings.

3. As to the claim listed in item 2 above, the defendants shall file a motion for summary judgment under Fed.R.Civ.P. 56 within one hundred twenty (120) days after the date of this Order. Defendants shall submit, with a business records affidavit, copies of any documents relevant to plaintiff's claims and defendants' defenses, including copies of any

ClibPDF - www.fastio.com

written TDCJ-ID rules or written unit rules relevant to the alleged events forming the basis of this lawsuit.

If defendants fail to file a motion for summary judgment within the one hundred twenty (120) day time limit, defendants are ORDERED to file an advisory to the court regarding the reasons why summary judgment is inappropriate in this case.

4. The plaintiff will respond to the defendants' motion, if any, within forty-five (45) days of the date when the defendants mailed plaintiff his copy of the motion, as shown on the defendants' certificate of service. Failure of the plaintiff to respond to the defendants' motions within the time limit will, if appropriate, result in granting of summary judgment in favor of the defendants.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on December 19, 1997.

LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE